284

## FEDERICI et al. v. FINE et al.

Circuit Court of Appeals, Third Circuit.
August 3, 1929.

No. 4056.

George Wenger and Mendelsohn & Mendelsohn, all of Paterson, N. J. (Charles Turndorf and Sam Mendelsohn, both of Paterson, N. J., on the brief), for appellants.

Morris H. Cohn and Charles E. Cohn, both of Newark, N. J., for appellees.

Before BUFFINGTON and DAVIS, Circuit Judges, and SCHOONMAKER, District Judge.

BUFFINGTON, Circuit Judge. This is a petition to review and revise an order made in this bankruptcy case on the 14th day of January, 1929, which reads as follows:

"Whereas, a petition has been filed herein asking an adjudication in bankruptcy of the above named alleged bankrupt; and answers having been filed by Albert Federici, Isaac Choler and Passaic Plumbing Supply Company, to said petition; and after hearing George Wenger, attorney for Albert Federici, and Mendelsohn & Mendelsohn, attorneys for Isaac Choler and Passaic Plumbing Supply Co., and the said attorneys having consented in open court to the entry of this order; it is on this fourteenth day of January, 1929, on motion of Morris H. and Charles E. Cohn, attorneys for the petitioning creditors,

"Ordered, that the issues raised by the said petition and answers be referred to George W. W. Porter, Esq., as referee, to

ascertain and report the facts with his conclusions thereon, with all convenient speed."

The alleged error is, first, that on account of the financial interest of the referee in the way of fees, and his financial interest in the result of his action, the court committed error in so referring the matter to him; and, second, that the order erroneously states the reference was made by consent of counsel. So far as appears from the record, neither one of these contentions were ever brought to the notice of the court below, or an opportunity given to it to revise its order, if any error was committed. As the record stands, we have nothing but the above order, which states it was made by consent. It would be manifestly unfair to dispose of the case on questions now raised, but which were never called to the attention of the court below. The appeal is therefore dismissed, without prejudice to the right of the appellants, if any they now have, to apply to the court below for such relief as they are entitled to.